IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BRICE ENVIRONMENTAL
SERVICES CORPORATION, a
Subsidiary of Claisa
Corporation,

              Plaintiff,

    vs.

ARCADIS U.S., INC.,

              Defendant.

Case No. 3:21-CV-00141-JMK

**ORDER DENYING DEFENDANT'S
MOTION TO DISMISS**

Pending before the Court is Defendant Arcadis U.S., Inc's ("Arcadis") Motion to Dismiss for Failure to State a Claim.[1] Plaintiff Brice Environmental Services Corporation ("Brice") responded in opposition,[2] and Arcadis filed a reply.[3] For the reasons set forth below, Arcadis's Motion to Dismiss is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from Plaintiff Brice's First Amended Complaint ("FAC"). Brice is an environmental engineering, consulting and construction

---

[1] Docket 21.
[2] Docket 22.
[3] Docket 24.

contractor.[4] Brice is involved in the design, development, and execution of environmental-service and construction projects, including large soil remediation projects, across the United States.[5] In 2004, Brice developed its own system and method for treating contaminated soil from a site.[6] Brice's system involves utilizing particle size separation and particle density separation in a system for removing, treating, and returning the treated soil back to the original site.[7] Brice applied for a patent in 2006.[8] On July 15, 2008, Brice was awarded a patent, issued as U.S. Patent No. 7,255,514 (the " '141 Patent").[9]

Arcadis is a competitor of Brice's within the market for environmental services, including soil remediation projects.[10] In May 2020, the United States Environmental Security Technology Certification Program ("ESTCP"), an environmental technology demonstration and validation program, announced award #ER20-5258 to Arcadis to demonstrate a soil-washing system for the treatment of per- and polyfluoroalkyl-contaminated soils at Eielson Airforce Base near Fairbanks, Alaska.[11] Arcadis's Soil-Washing System (the "Arcadis Soil-Washing System") is a system developed by Clean Earth Technologies, Inc. ("CET").[12] Based on conversations between counsel for Brice and counsel for CET, Brice understands that the Arcadis-Soil Washing System as sold is described in U.S. Patent Application No. US2020/0222953 (the "CET Patent

---

[4] Docket 16 at ¶ 8.
[5] *Id.* at ¶¶ 6, 8.
[6] *Id.* at ¶ 9.
[7] *Id.*
[8] *Id.* at ¶ 10.
[9] *Id. See also* Docket 16-1.
[10] Docket 16 at ¶ 41.
[11] *Id.* at ¶ 19.
[12] *Id.* at ¶ 21.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                         Page 2
Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 2 of 22

Application").[13]  The Arcadis-Soil Washing System also was described in a proposal presented jointly by Arcadis and CET to the Department of Defense, Environmental Protection Agency, and Alaska Department of Environmental Conservation on December 2, 2020 (the "ESTCP Presentation").[14]  Based on publicly available information, Brice alleges that the Arcadis Soil-Washing System directly and willfully infringes at least Claim 1 or Claim 20 of the '141 Patent, either literally or through the doctrine of equivalents.[15]

Brice filed a Complaint against Arcadis on June 11, 2021.[16]  On August 6, 2021, Arcadis filed a Motion to Dismiss for Failure to State a Claim.[17]  On September 10, 2021, Brice filed its FAC, thereby mooting Arcadis's Motion to Dismiss.[18]  Brice's FAC alleges a single claim for direct patent infringement under 35 U.S.C. § 271(a), and seeks relief in the form of damages, treble damages, injunctive relief, and attorney's fees.[19]  Brice's FAC includes the '141 Patent as an attachment.[20]  By the present motion, Arcadis moves to dismiss Brice's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[21]

---

[13] *Id.*
[14] *Id.* at ¶ 22.
[15] *Id.* at ¶¶ 37–43.
[16] Docket 1.
[17] Docket 11.
[18] Docket 16; Docket 20.
[19] Docket 16 at 18–20.
[20] Docket 16-1.
[21] Docket 21.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*     Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                              Page 3

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 3 of 22

## II.  LEGAL STANDARD

### A.    Rule 12(b)(6) Motion to Dismiss or Rule 56 Motion for Summary Judgment

At the outset, the Court must address whether Arcadis's motion to dismiss should be converted into a motion for summary judgment pursuant to Rule 12(d).  When ruling on a motion to dismiss for failure to state a claim, "[o]rdinarily, a court may look only at the face of the complaint."[22]  Generally, if a court considers materials outside of the pleadings, the court must convert the motion to dismiss into a motion for summary judgment under Rule 56.[23]  However, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."[24]  Documents properly subject to the incorporation by reference doctrine are documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."[25]  Under Federal Rule of Evidence 201, the court can judicially notice facts that are "generally known" within a court's territorial jurisdiction, or that can be "accurately and readily determined from sources whose accuracy cannot be questioned."[26]  Appropriate subjects

---

[22] *J. K. J. v. City of San Diego*, 17 F.4th 1247, 1254 (9th Cir. 2021) (quoting *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)).

[23] Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

[24] *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

[25] *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

[26] Fed. R. Evid. 201(b).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*     Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss     Page 4

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 4 of 22

of judicial notice include facts contained in records of administrative bodies, press releases, a court's own records, and proceedings of other courts.[27]

Here, both parties have presented matters outside the pleadings. Arcadis attached to its motion to dismiss the following documents: (1) a declaration from the Senior Vice President of Research and Development at CET (the "Morrell Declaration");[28] (2) the ESTCP Presentation;[29] and (3) the CET Patent Application.[30] Brice, in turn, submitted with its opposition a declaration from its PFAS-Program Manager (the "Becker Declaration").[31] Arcadis argues that the ESTCP Presentation and CET Patent Application may be considered on a motion to dismiss because (i) they are referenced in the complaint, (ii) they contradict allegations made in the complaint,[32] (iii) the court can judicially notice these exhibits; and (iv) the court may elect to convert the motion to dismiss into a motion for summary judgment.[33] Arcadis offers no authority to support the propriety of the Court considering the Morrell Declaration at the motion to dismiss stage.[34] Likewise, Brice

---

[27] *See Samson Tug & Barge, Co. v. Int'l Longshore & Warehouse Union*, No. 3:20-cv-00108-TMB, 2021 WL 1081139, at *2 (D. Alaska Feb. 12, 2021).

[28] Docket 21-1.

[29] Docket 21-2.

[30] Docket 21-3.

[31] Docket 23.

[32] When deciding a Rule 12(b)(6) motion, courts need not accept as true (i) "allegations that contradict facts which may be judicially noticed," *SEMICAPS Pte Ltd. v. Hamamatsu Corp.*, 393 F. Supp. 3d 802, 807 (N.D. Cal. 2019), or (ii) "conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). Because the Court finds that none of the extrinsic materials submitted in support or in opposition to the motion to dismiss are judicially noticeable, and the documents that are incorporated into the FAC by reference are not inherently contradictory to any of the allegations in the FAC, the Court does not disregard any of the FAC's allegations on these bases.

[33] Docket 21 at 2–3 n.1.

[34] In its Reply, Arcadis states that "in an attempt to streamline this litigation, [Arcadis] submitted a declaration from Mr. Colin Morrell that addresses these holes in the Amended Complaint . . . ." Docket 24 at 10. The Court is not persuaded that streamlining litigation is a sufficient reason for the Court to look

offers no legal authority to support the Court's consideration of the Becker Declaration on a 12(b)(6) motion.

The ESTCP Presentation and CET Patent Application are not proper subjects of judicial notice;[35] however, they both are frequently referenced in the FAC, and their authenticity is not questioned by either party.[36] The Court finds that these documents are incorporated by reference into the FAC and thus may be considered on a Rule 12(b)(6) motion. By contrast, the Morrell and Becker Declarations are not referenced in the FAC. They also plainly are not proper subjects of judicial notice.[37] If the Court were to consider these declarations it would have to convert this motion to dismiss into a motion for summary judgment. The Court declines to do so in this instance.

Given the early stage of this case, the absence of discovery, the limited record before the Court, and the fact that only Brice has addressed the summary judgment standard in briefing, the Court finds that summary judgment is premature.[38] Accordingly, in deciding the present motion, the Court does not consider the content of the Morrell or Becker Declarations or the arguments that rely on these declarations. The Court does,

---

beyond the pleadings at the motion to dismiss stage or, in the alternative, to convert the current motion into one for summary judgment.

[35] *See Samson Tug & Barge, Co. v. Int'l Longshore & Warehouse Union*, No. 3:20-cv-00108-TMB, 2021 WL 1081139, at *2 (D. Alaska Feb. 12, 2021); *see also* D. Alaska Loc. Civ. R. 7.3(d) ("Requests that the court take judicial notice pursuant to Federal Rule of Evidence 201 must be made in a separate motion.").

[36] *See generally* Docket 16; *see also* Docket 21 at 2; Docket 22 at 11–17.

[37] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (finding that the district court erred in taking judicial notice of disputed facts in declarations attached to a motion to dismiss); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1021 (C.D. Cal. 2015) ("Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice.").

[38] *See Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 2:16-cv-00148-KJM-EFB, 2016 WL 4192439, at *3 (E.D. Cal. Aug. 9, 2016).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                                              Page 6

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 6 of 22

however, consider the ESTCP Presentation and CET Patent application under the incorporation by reference doctrine.

## B. Rule 12(b)(6) Motion to Dismiss

Following the December 1, 2015, amendments to the Federal Rules of Civil Procedure, a majority of courts within the Ninth Circuit agree that Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure no longer sets the pleading standard for allegations of direct patent infringement.[39]  District courts now assess the sufficiency of claims for direct patent infringement under the standard set forth in *Bell Atlantic Corp. v. Twombly*, and *Ashcroft v. Iqbal*.[40]

Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under *Twombly* and *Iqbal*, a complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"[41]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[42]  If the facts alleged in the complaint do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed.[43]  A court assessing a Rule 12(b)(6) motion accepts as true all factual allegations alleged in the complaint, and construes the pleadings

---

[39] *See Novitaz, Inc. v. in Market Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *2 (N.D. Cal. May 26, 2017) (collecting cases).
[40] *Id.*
[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[42] *Id.*
[43] *Id.*

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                     Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                         Page 7

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 7 of 22

in the light most favorable to the plaintiff.[44]  The Court need not, however, accept as  true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[45]  Therefore, a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[46]

## III.  DISCUSSION

### A.    Direct Patent Infringement

Pursuant to 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention within the United States . . . during the term of the patent . . . infringes the patent."  District courts within the Ninth Circuit have determined that a complaint must "contain factual allegations that the accused product practices every element of at least one exemplary claim."[47]  The "failure to meet a single [element] is sufficient to negate infringement of a claim."[48]

The Federal Circuit recently has clarified the level of detail required to sufficiently state a claim for patent infringement.  In *Bot M8 LLC v. Sony Corp. of America*, the Federal Circuit held that a "plaintiff is not required to plead infringement on an element-

---

[44] *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

[45] *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

[46] *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[47] *Novitaz, Inc. v. inMarket Media*, LLC, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017) (collecting cases); *see also Scripps Research Inst. v. Illumina, Inc.*, No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016) ("[T]o properly plead direct infringement under *Twombly* and *Iqbal*, a plaintiff must plausibly allege that a defendant directly infringes each limitation in at least one asserted claim.").

[48] *Novitaz, Inc.,* 2017 WL 2311407, at *3 (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                      Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                            Page 8

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 8 of 22

by-element basis."[49]  Instead, a complaint states a claim if it "place[s] the alleged infringer 'on notice of what activity . . . is being accused of infringement.'"[50]  The "level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device."[51]  Other Federal Circuit cases establish parameters for the level of detail plaintiffs alleging patent infringement must plead to withstand a motion to dismiss.  In *Disc Disease Solutions Inc. v. VGH Solutions., Inc.*, a case "involv[ing] a simple technology," the court held that a plaintiff sufficiently stated a claim when it included a statement in its complaint alleging that the defendants' products "meet each and every element of at least one claim," either literally or equivalently, and attached photographs of the defendant's products.[52]  In *Artrip v. Ball Corp.*, the Federal Circuit found that plaintiff failed to state a claim when the complaint did not identify, by photograph or name, the particular machines that allegedly infringed, other than by "broad functional language."[53]

In moving to dismiss, Arcadis argues that Brice fails to adequately allege infringement of elements [d] and [j] of Claim 1 and element [d] of Claim 20.[54]  Brice also asserts that the remainder of the allegations in Brice's FAC fail to state a claim due to

---

[49] 4 F.4th 1342, 1352 (Fed. Cir. 2021) (applying Ninth Circuit law in reviewing dismissal for failure to state a claim) ("To the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*.").

[50] *Id.* (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

[51] *Id.* at 1353.

[52] 888 F.3d 1256, 1260 (Fed. Cir. 2018).

[53] 735 F. App'x 708, 715 (Fed. Cir. 2018).

[54] Docket 21 at 6.

Brice's "inclusion of misleading claim charts, coupled with a failure to include the documents from which it allegedly draws its conclusions of infringement."[55] For the foregoing reasons, the Court finds that Brice has adequately stated a claim for direct and willful infringement of Claims 1 and 20, either literally or through the doctrine of equivalents. Arcadis's Motion therefore is denied.

### 1. Claims 1 and 20, element [d]

Element [d] of Claim 1 requires "means for segregating each of the size fractions into a plurality of density fractions according to particle density prior to testing for contaminants."[56] Element [d] of Claim 20 requires

> means for segregating each of the size fractions into a plurality of density fractions according to particle density into a first density fraction having a specific density corresponding to vegetative matter, a second fraction having a specific density corresponding to metal, and a third density fraction having specific density intermediate of the vegetative matter and metal, prior to testing for contaminants.[57]

To support its allegation that the Arcadis Soil-Washing System practices this element of both Claims, the FAC references the ESTCP Presentation, claiming it shows that the Arcadis Soil-Washing System "necessarily segregates by density, because the proposed field-scale method segregates the soil to be treated into a plurality of density fractions."[58] Brice asserts that density separation during the treatability study occurs prior to testing for contaminants because the system uses density separation to identify which

---

[55] *Id.* at 10.
[56] Docket 16 at 5.
[57] *Id.* at 9–10.
[58] Docket 16 at ¶ 27.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss    Page 10
Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 10 of 22

density fractions are contaminated.[59]  Brice further alleged that the CET Patent Application describes density separation modules whereby gravity and one or more other forces opposing gravity are used for particle separation, "such that contaminants with a density different than the bulk solid waste can be separated and concentrated into a plurality of density factions."[60]

Arcadis argues that Brice's allegation that the ESTCP Presentation shows that the Arcadis Soil-Washing System "necessarily segregates by density" because the Arcadis's proposed method "segregates the soil to be treated into a plurality of density fractions" cannot state a plausible claim because it merely parrots Brice's own claim language.[61]  The Court agrees that this statement, standing alone, too closely tracks the claim language to be entitled to the presumption of truth.[62]  However, this statement is bolstered by a specific allegation explaining why it is reasonable to infer from the ECSTP Presentation that the Arcadis Soil-Washing System utilizes density separation prior to testing for contaminants.  Further, the ESTCP Presentation itself does not render Brice's allegations implausible.  Arcadis argues the presentation supports the inference that the Arcadis Soil-Washing System utilizes a single density separation that occurs separately from the size separation.[63]  However, construing the allegations in the light most favorable to Brice, the ESTCP Presentation, through its images and descriptions, plausibly alleges

---

[59]  *Id.*

[60]  *Id.*

[61]  Docket 21 at 6–7.

[62]  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021) (noting claim was insufficient when supporting allegations were "conclusory, merely track the claim language, and [did] not plausible allege" infringement).

[63]  Docket 21 at 7; Docket 24 at 7.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                              Page 11

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 11 of 22

that the Arcadis Soil-Washing System performs a plurality of density segregations following size separation.[64]

Brice's factual allegations related to the CET Patent Application also pass muster under *Twombly* and *Iqbal.* Brice's allegation of infringement, supported by a specific reference to the density modules described in the CET Patent Application, allow the Court to reasonably infer that the Arcadis Soil-Washing System includes a means for separating a plurality of size fractions into a plurality of density fractions which is the same or equivalent to the means described in element [d] of Claims 1 and 20. Arcadis argues that the CET Patent Application's description of density separation as one option for physical separation is not the equivalent of the means required by element [d].[65] Arcadis further asserts, without citation to legal authority, that "disclosure of alternative processes in a patent application is not sufficient to allege that those processes are occurring at the Eielson location."[66]

Brice need not "prove its case at the pleading stage."[67] Because the technology at issue here is not simple like the technology in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, Brice is required to allege more than a single sentence stating that all elements of a Claim are met and a picture of the accused product.[68] Brice easily clears that hurdle here. Brice specifically has identified the infringing method and describes the

---

[64] Docket 22 at 11–12.
[65] Docket 21 at 8.
[66] *Id.*
[67] *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012)).
[68] 888 F.3d 1256, 1260 (Fed. Cir. 2018).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*     Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                          Page 12
Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 12 of 22

functionalities that read on element [d] of Claims 1 and 20 without relying solely on "broad functional language."[69] Arcadis seems to argue that Brice would have to provide detailed factual allegations regarding the exact functioning of the density separation process within the Arcadis Soil-Washing System, including precisely how many density fractions it produces, in order to state a claim. This is more than the plausibility standard demands and more than what the vast majority of patentees would be able to plead based on publicly available information. Brice has gone beyond reciting the claim elements and "merely concluding that the accused product has those elements."[70] Brice's allegations related to element [d] of Claims 1 and 20 are more than sufficient to place Arcadis on notice of the allegedly infringing activity. That is all that is required at this stage.[71]

The remainder of Arcadis's arguments related to elements 1[d] and 20[d] are based on the assertion that Brice's allegations do not reflect what actually is occurring at the Eielson location.[72] Factual disputes regarding how a product or method actually works are inappropriate for resolution at the pleading stage, where the Court must take plaintiff's well-pleaded factual allegations as true.[73] Further, these allegations rely, at least in part,

---

[69] *Artrip v. Ball Corp.*, 735 F. App'x 708, 715 (Fed. Cir. 2018).

[70] *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

[71] *Id.*

[72] Docket 21 at 3, 7, 10–11.

[73] *AlterG, Inc. v. Boost Treadmills LLC*, No. 18-CV-07568-EMC, 2019 WL 4221599, at *5 (N.D. Cal. Sept. 5, 2019) ("Defendants' remaining arguments for dismissal of the infringement claim raise factual disputes about how [Defendant's] products actually work . . . such disputes are inappropriate for resolution at the pleading stage, where the Court must accept [Plaintiff's] well-pleaded factual allegations as true.") (internal citations omitted).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*  Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss  Page 13

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 13 of 22

on the Morrell Declaration.[74]  As discussed *supra*, the Court does not consider the Morell Declaration when reviewing the sufficiency of the FAC under Rule 12(b)(6).

### 2.    Claim 1, element [j]

Element [j] of Claim 1 requires "means for treating the processed soil fractions from the site corresponding to the identified contaminated fractions with at least one stabilization reagent formulated for inhibiting the solubility of metal contaminants remaining in the processed soil."[75]  To support the claim for infringement of element [j], Brice asserts that the ESTCP presentation discloses that "the Arcadis Soil-Washing System relies upon 'enhanced chemistry,' which includes the addition of at least one stabilization reagents to the fine soil fraction," and "[a]ny stabilization reagent used for PFAS-contaminated soil will also inhibit the solubility of metal."[76]  Additionally, Brice alleges that the CET Patent Application discloses "the use of a polymer to remove solids from the liquid stream or other electrochemical processes to remove PFAS contamination directly from the liquid stream."[77]

Arcadis argues that Brice's allegations that the "non-specific chemical additives taught by the ESTCP Presentation, and the non-specific polymers recited by the CET Patent Application meet the '141 Patent's claim elements of a 'stabilization reagent'" are conclusory "threadbare recitals" of this claim element.[78]  Arcadis concludes that "Brice's inability to point to evidence that demonstrates that the chemicals used by Arcadis

---

[74] *See* Docket 21 at 3, 7, 10–11.
[75] Docket 16 at 8–9.
[76] *Id.* at ¶ 33.
[77] *Id.*
[78] Docket 21 at 9.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                         Page 14

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 14 of 22

do, in fact, act as stabilizing reagents is . . . fatal to its claim of infringement of Claim 1 of the '141 Patent."[79]

Again, Arcadis demands too much at the pleading stage. The Court does not find that Brice's allegations related to element [j] of Claim 1 are conclusory. Brice referenced specific descriptions of the accused product found in Arcadis's publicly available materials to allege infringement of this element.[80] Requiring Brice to prove at the pleading stage what specific chemicals or polymers are added to the Arcadis Soil-Washing System and precisely how they act as "stabilization reagents" that inhibit the solubility of contaminants would run afoul of recent Federal Circuit precedent.[81] It is sufficient that Brice has alleged facts from the ESTCP Presentation and CET Patent Application that make it plausible that the chemicals and polymers added to the Arcadis Soil-Washing System perform the functionality of the stabilization reagent in element [j]. These allegations place Arcadis on notice of the infringing activity.

The remainder of Arcadis's arguments for dismissal boil down to the contention that the polymers and chemicals added to the Arcadis Soil-Washing System simply are not "stabilizing reagent[s] formulated for inhibiting the solubility of metal contaminants."[82] Of course, accepting Arcadis's argument on this point would mean accepting Arcadis's construction of "stabilization reagent," a disputed claim term.[83] The

---

[79] Docket 24 at 11.
[80] Docket 16 at ¶ 33.
[81] *See Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342, 1352–53 (Fed. Cir. 2021); *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).
[82] Docket 21 at 10.
[83] *Id.*; Docket 22 at 17–18.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                                           Page 15

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 15 of 22

Court declines to do so, as claim construction issues are inappropriate for resolution on a motion to dismiss.[84]  The Court also declines to engage with this line of argument because, as above, it raises factual disputes about the actual operation of the Arcadis-Soil Washing System and the communications between the parties, and it relies upon the Morrell Declaration.[85]  Even if true, Arcadis's averments to Brice that it was not infringing does not demonstrate implausibility.[86]

### 3. Remaining allegations

Arcadis asserts that the remainder of Brice's allegations in the FAC do not meet the standard under *Twombly* or *Iqbal* because Brice did not include a traditional claims chart and did not attach the ESTCP Presentation or CET Patent Application.[87] Arcadis alleges that the chart included in Brice's FAC is "deceiving" because it is not the type of chart typically found in patent infringement complaints, namely, a chart identifying where each element of a claim in the patent is found in the accused product.[88]  Brice's chart instead shows each element in Claims 1 and 20 of the '141 Patent, as well as representative structures or acts disclosed in the specification for the '141 Patent.[89]

---

[84] *Nalco Co. v. Chem-Mod, LLC,* 883 F.3d 1337, 1349 (Fed. Cir. 2018) ("Defendants' arguments boil down to objections to Nalco's proposed claim construction for 'flue gas,' a dispute not suitable for resolution on a motion to dismiss.").

[85] Docket 21 at 10.

[86] *Relevant Holdings, LLC v. MindGeek USA Inc., et al.*, No. 2:21-cv-03174_MCS (KESx), 2021 WL 6103349, at *4 (C.D. Cal. Oct. 5, 2021).

[87] Docket 21 at 10.

[88] *Id.* at 5.

[89] Docket 16 at 4–11; Docket 22 at 8.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*          Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                Page 16

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 16 of 22

Brice was not required to plead on "an element-by-element basis," yet did so in paragraphs 24 to 34 of the FAC.[90] The fact that Brice's element-by-element allegations do not appear in chart form, when there is no claims chart requirement in this district, is not "deceiving" and is not a basis for dismissal.[91] Similarly, there is no requirement that Brice attach the documents referenced in its complaint to the complaint itself. In fact, the incorporation by reference doctrine specifically contemplates the situation where the contents of documents are alleged in the complaint, but those documents "are not physically attached to the [plaintiff's] pleading."[92] Arcadis's arguments as to the remainder of the allegations in Brice's FAC are therefore unavailing. This Court finds that Brice has sufficiently stated a claim for literal infringement of all elements of Claims 1 and 20 of the '141 Patent.

**B.    The Doctrine of Equivalents**

In its FAC, Brice asserts that Arcadis infringes Claims 1 and 20 either literally or under the doctrine of equivalents.[93] Under the doctrine of equivalents, a "product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention."[94]

---

[90] *See Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342, 1352 (Fed. Cir. 2021).

[91] *See Cont'l Cirs. LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *5 (D. Ariz. Feb. 21, 2017) ("[A] chart specifically identifying where each limitation of an asserted claim can be found in an accused instrumentality is not required absent a local rule stating otherwise.").

[92] *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (quoting *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).

[93] Docket 16 at ¶¶ 23, 25–34, 38.

[94] *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1354 (Fed. Cir. 2018) (quoting *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                         Page 17

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 17 of 22

Equivalence requires a showing that either the "difference between the claimed invention and the accused product or method was insubstantial or that the accused product or method performs the substantially same function in substantially the same way with substantially the same result as each claim limitation of the patented product or method."[95]

There is no consensus among district courts regarding the pleading standard for infringement under the doctrine of equivalents.[96] Arcadis argues that equivalence must be specifically pled and Brice has not done so here.[97] Arcadis asserts that in order to sufficiently plead infringement through the doctrine of equivalents, "a patent holder must actually allege some identifiable 'insubstantial change or substitution' to a specific aspect of an alleged infringer's process such that it reads on the particular claim element at issue."[98] Arcadis cites to *Graver Tank and Manufacturing Company v. Linde Air Products Company* for this proposition.[99] *Graver Tank* does not address the pleading standard under the doctrine of equivalents at all, much less adopt the stringent standard that Arcadis suggests.[100] District courts within the Ninth Circuit that have recently addressed this issue have concluded that plaintiffs "need not specifically plead infringement under the doctrine of equivalents" and that a general allegation of patent infringement under the doctrine of

---

[95] *Id.* (quoting *AquaTex Indus., Inc. v. Techniche Sols.*, 479 F.3d 1320, 1326 (Fed. Cir. 2007)).
[96] *See Pres. Techs. LLC v. MindGeek USA Inc.*, No. CV17-8906-DOC (JPRx), 2019 WL 3213585, at *3 (C.D. Cal. Apr. 2, 2019).
[97] Docket 24 at 5–6.
[98] *Id.* at 5 (citing *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 607 (1950)).
[99] *Id.*
[100] *See generally Graver Tank,* 339 U.S. 605 (1950). Arcadis also cites to *Preservation Technologies LLC*, 2019 WL 3213585, at *3 for the proposition that "[t]he technical and factual nature of an infringement claim under the doctrine of equivalents requires some level of specificity beyond a one-sentence accusation." However, this quote comes from a 2018 District of Nebraska case which *Preservation Technologies LLC* explicitly disagreed with to conclude, "[t]he Court agrees with the line of cases holding that Plaintiff need not specifically plead infringement under the doctrine of equivalents." *Id.*

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*          Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                    Page 18

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 18 of 22

equivalents is "sufficient to place Defendants on notice that it maintains patent infringement theories under the doctrine of equivalents."[101] This Court agrees. Brice has sufficiently pled a claim for direct literal patent infringement. The FAC's general allegations that the Arcadis Soil-Washing System infringes each of the elements in Claims 1 and 20 either literally or equivalently places Arcadis on notice that Brice maintains a patent infringement theory under the doctrine of equivalents. Brice therefore has carried its pleading burden.[102]

Finally, Arcadis argues that Brice could be estopped from asserting the doctrine of equivalents because of Brice's conduct during prosecution.[103] This argument is premature. "[T]he determination whether prosecution history estoppel applies would require a substantive review of the patent record that is inappropriate on a motion to dismiss."[104] Here, the Court has no context to determine which inferences properly may be drawn from the prosecution history. Without the benefit of the patent record, this Court is unwilling to rule that prosecution history estoppel applies as a matter of law, or, in the alternative, hold that Brice has failed to plead infringement under the doctrine of equivalents because of the possibility it could be estopped.

---

[101] *Neutrik AG v. ADJ Prod., LLC, No.* LA CV19-09937 JAK (AGRx), 2020 WL 6128066, at *4 (C.D. Cal. May 6, 2020) (holding general allegation sufficient to place Defendants on notice that it maintains patent infringement theories under the doctrine of equivalents and noting "[n]o additional allegations are required to satisfy the pleading standard."); *Pres. Techs. LLC,* 2019 WL 3213585, at *3.

[102] *Neutrik AG*, 2020 WL 6128066, at *4.

[103] Docket 24 at 6, 8.

[104] *Neutrik AG*, 2020 WL 6128066, at *4.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                          Page 19

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 19 of 22

## C.    Willful Infringement

Brice seeks enhanced damages under 35 U.S.C. § 284 because it claims that Arcadis's infringement was willful.[105]  In *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, the Supreme Court held that district courts may award enhanced damages for infringement that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."[106]  Enhanced damages "should generally be reserved for egregious cases," yet it is not required that "enhanced damages must follow a finding of egregious misconduct."[107]

While *Halo* addressed the standard for *proving* willful infringement, the *pleading* requirements for willful infringement are the subject of some debate.[108]  In the absence of controlling Federal Circuit precedent, a majority of district courts in the Ninth Circuit agree that allegations of knowledge alone are not sufficient to state a claim for willful infringement; rather, the patent owner must allege knowledge of the patent and knowledge of infringement.[109]  Courts are split, however, on whether a patent owner must adequately plead egregiousness.[110]  This Court is persuaded by the line of cases concluding that egregiousness need not be pled and is instead an issue to be developed as the case

---

[105]  Docket 16 at 20.
[106]  579 U.S. 93, 103–04 (2016).
[107]  *Id.* at 106.
[108]  *Document Sec. Sys., Inc v. Nichia Corp.*, No. CV 19-08172 JVS (JEMx), 2020 WL 3881623, at *3 (C.D. Cal. Mar. 4, 2020).
[109]  *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. C 20-08103 WHA, 2021 WL 4685306, at *2 (N.D. Cal. Oct. 7, 2021); *Document Security Systems, Inc.*, 2020 WL 3881623, at *2.
[110]  *Sonos, Inc. v. Google LLC*, No. C 21-07559 WHA, 2022 WL 799367, at *4 n.1 (N.D. Cal. Mar. 16, 2022) (collecting cases).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                              Page 20

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 20 of 22

progresses.[111]  Accordingly, "[a] patent plaintiff can . . . plead the material elements of willful infringement, simply by sending a cease-and-desist letter that explains why the accused product infringes and giving the infringer a fair chance to cease or to obtain a license."[112]

Brice alleges that its Vice President informed Arcadis's Director of Business Pursuit Management of the existence of the '141 Patent during an in-person meeting in May 2019.[113]  Brice further alleges that it sent Arcadis a pre-complaint letter "stating the concern that the Arcadis Soil-Washing System infringed the '141 Patent, enclosing a copy of the patent."[114]  While this letter may not have been a formal cease-and-desist letter, taking Brice's allegation as true and construing all inferences in favor of Brice, the letter alerted Arcadis to the existence of the '141 Patent, included a copy of the patent itself, and notified Arcadis of its alleged infringement of the patent.  The gap in time between May 2020 and the filing of Brice's original complaint in June 2021 gave Arcadis more than "a fair chance to cease or to obtain a license."[115]  This Court concludes that Brice's well-pled allegations of knowledge, combined with its pre-complaint letter, adequately state a claim for willful infringement.

## IV.  CONCLUSION

For the foregoing reasons, Arcadis's Motion to Dismiss for Failure to State a Claim is **DENIED**.

---

[111]  *Id.* at *4.
[112]  *Id.*
[113]  Docket 16 at ¶ 35.
[114]  *Id.* at ¶ 36.
[115]  *Sonos, Inc.*, 2022 WL 799367, at *4.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                          Page 21

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 21 of 22

IT IS SO ORDERED this 6th day of April, 2022, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
United States District Judge

_Brice Environmental Services Corporation v. Arcadis U.S., Inc._                    Case No. 3:21-cv-00141-JMK
Order Denying Defendant's Motion to Dismiss                                          Page 22

Case 3:21-cv-00141-JMK   Document 25   Filed 04/06/22   Page 22 of 22