IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRICE ENVIRONMENTAL SERVICES CORPORATION, a Subsidiary of Claisa Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARCADIS U.S., INC.,<br><br>Defendant. | Case No. 3:21-cv-00141-JMK<br><br>**ORDER GRANTING CONSENTED-TO MOTION TO STAY AND JOINT STIPULATION** |

Before the Court at Docket 42 is Defendant Arcadis U.S. Inc.'s Consented-To Motion to Stay (the "Motion"). Also pending before the Court at Docket 43 is Defendant and Plaintiff Brice Environmental Services Corporation's (together, the "Parties") proposed Joint Stipulation Regarding Motion to Stay Pending Resolution of IPR. For the foregoing reasons, the Court GRANTS Defendant's Motion to Stay and the Parties' Joint Stipulation.

I. BACKGROUND

Defendant seeks a stay of all proceedings in this patent infringement action pending the resolution of its Petition for *Inter Partes* Review (the "Petition") of U.S. Patent

No. 7,399,141 ("the '141 Patent").[1] Defendant filed the Petition with the Patent Trial and Appeal Board ("PTAB") on June 22, 2022, "requesting that all claims of the '141 Patent be cancelled on the grounds of obviousness."[2] The PTAB is expected to decide whether to institute the *inter partes* review by December 22, 2022.[3] Defendant requests that the Court stay this action pending the PTAB's initial determination regarding whether to institute *inter partes* review of the '141 Patent and, if it does so, that the stay be maintained until the final resolution of the *inter partes* review proceeding.[4] Plaintiff consented to the filing of Defendant's Motion[5] and the Parties also filed a proposed Joint Stipulation implementing the stay, reserving the Parties' rights, and providing that the Court shall have continuing jurisdiction over this matter throughout the stay.[6]

## II. DISCUSSION

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."[7] District courts within the Ninth Circuit consider three factors when deciding a motion to stay pending *inter partes* review: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear

---

[1] Docket 42 at 1–2.
[2] *Id.* at 5.
[3] *Id.*
[4] *Id.* at 10.
[5] *Id.* at 2.
[6] Docket 43.
[7] *KFx Med., LLC v. Stryker Corp.*, No. 18-cv-01799-H-WVG, 2019 WL 2008998, at *1 (S.D. Cal. May 7, 2019) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)).

Brice Environmental Services Corporation v. Arcadis U.S., Inc.  Case No. 3:21-cv-00141-JMK
Order Granting Consented-To Motion to Stay and Joint Stipulation  Page 2
Case 3:21-cv-00141-JMK   Document 44   Filed 07/27/22   Page 2 of 6

tactical disadvantage to the nonmoving party."[8]  These factors are not exhaustive.  Rather, the decision to grant a stay lies within the court's discretion, "taking into account the totality of the circumstances."[9]

### A. Stage of the Proceeding

To analyze this factor, courts often consider where "there is more work ahead of the parties and the Court than behind the parties and the Court."[10]  Defendant correctly notes that "[t]his case is in its infancy."[11]  The Court issued a Scheduling and Planning Order on June 6, 2022, which lists the many upcoming deadlines in this matter.[12]  Only three of the relevant deadlines have passed.[13]  The parties have "engaged in only minimal discovery and no depositions have yet been taken."[14]  The Court is not scheduled to hold a *Markman* hearing until April 2023.[15]  A trial date has been set, but that date is two years away.[16]  Given the early stages of this proceeding, the Court does not have difficulty concluding that the majority of the work in this case—and, in particular, the work that is most costly for the Parties—lies ahead.[17]  This factor weighs in favor of a stay.

---

[8] *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013) (quoting *Aten Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09–0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010)).
[9] *KFx Med., LLC*, 2019 WL 2008998, at *1.
[10] *Medtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. SA CV 19-02115-DOC-JDE, 2020 WL 5087820, at *2 (C.D. Cal. May 8, 2020) (quoting *Limestone v. Micron Tech.*, Nos. SA CV 15-0278-DOC (RNBx) *et al.*, 2016 WL 3598109, at *3 (C.D. Cal. Jan. 12, 2016)).
[11] Docket 42 at 4.
[12] Docket 37.
[13] *Id.* at 10.
[14] Docket 42 at 4.
[15] Docket 37 at 11.
[16] *Id.* at 12.
[17] *See Pragmatus AV, LLC v. Facebook, Inc.,* No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending inter partes reexamination.").

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*  Case No. 3:21-cv-00141-JMK
Order Granting Consented-To Motion to Stay and Joint Stipulation  Page 3
Case 3:21-cv-00141-JMK   Document 44   Filed 07/27/22   Page 3 of 6

B.  **Simplification of the Issues**

"Waiting for the outcome of the [*inter partes* review] could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims."[18] "This is particularly true when a party has requested PTO review of each of the patents-in-suit . . . ."[19] Here, Defendant has filed for *inter partes* review of each claim in the only patent at issue in this case.[20] The high likelihood that the PTAB will initiate *inter partes* review,[21] as well as the possibility that the *inter partes* review could eliminate some or all of the issues in this case, weighs heavily in favor of granting the stay.[22] Further, should the PTAB decline to institute *inter partes* review, claim-construction discovery will undoubtedly be compressed, but the parties nonetheless will have nearly four months to prepare for the *Markman* hearing, and another ten months until the close of fact discovery.[23] Although some courts refuse to stay litigation before the PTAB has decided to institute review, it "is not uncommon for courts to grant stays pending reexamination prior to the PTO deciding to reexamine the patent."[24] Denying a stay here would require the parties and the Court to expend significant resources on issues that could be wholly mooted by the PTAB's ultimate

---

[18] *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1032 (C.D. Cal. 2013) (quoting *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C–94–20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995)).
[19] *Id.*
[20] *See* Docket 42 at 5.
[21] *See id.*
[22] *See Pragmatus AV, LLC*, 2011 WL 4802958, at *3.
[23] Docket 37 at 11–12.
[24] *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2018 WL 6972999, at *2 (N.D. Cal. Jan. 29, 2018) (quoting *Evolutionary Intelligence, LLC v. Facebook, Inc.*, No. 13-cv-04202-SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014)).

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*     Case No. 3:21-cv-00141-JMK
Order Granting Consented-To Motion to Stay and Joint Stipulation     Page 4

Case 3:21-cv-00141-JMK    Document 44    Filed 07/27/22    Page 4 of 6

decision.[25]  If the PTAB denies the Petition, or if another aspect of this litigation materially changes, either party may move this Court to lift the stay.[26]  Accordingly, under the circumstances of this case, the second factor supports a stay.

**C.      Undue Prejudice**

The fact that Plaintiff consented to Defendant's Motion strongly suggests that it will not be unduly prejudiced or disadvantaged by a stay.[27]  Further, Plaintiff did not move for a preliminary injunction in this case, suggesting that it will not be irreparably harmed by the delay and that any harm it does incur is compensable with monetary damages.[28]  Finally, there is no evidence of a dilatory motive on the part of Defendant. Defendant filed its Petition a year after the Complaint in this action was filed and just two months after the Court's Order denying Defendant's Motion to Dismiss.[29]  It was reasonable for Defendant to wait to file for *inter partes* review until after it learned whether this case would survive its Motion to Dismiss.  The Court finds this factor favors a stay.

### III.   CONCLUSION

After consideration of the above factors and under the totality of the circumstances, the Court finds that granting a stay is appropriate in this action.  Given the early stages of this proceeding and the absence of prejudice, the Court concludes that this is a case where granting a stay before the PTAB's initial decision regarding whether to institute *inter partes* review is warranted.  The Court therefore GRANTS Defendant's

---

[25] *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037 (N.D. Cal. 2015).
[26] *See id.*
[27] *See* Docket 42 at 5.
[28] *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–20 (Fed. Cir. 2014).
[29] *See* Docket 1; Docket 25.

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*  Case No. 3:21-cv-00141-JMK
Order Granting Consented-To Motion to Stay and Joint Stipulation  Page 5
Case 3:21-cv-00141-JMK   Document 44   Filed 07/27/22   Page 5 of 6

Consented-To Motion to Stay. The present action is STAYED pending the PTAB's review. The Parties' Joint Stipulation at Docket 43 also is GRANTED. The Court orders the parties to file a Joint Status Report within seven (7) days of the PTAB's initial decision regarding whether to institute Defendant's Petition.

IT IS SO ORDERED this 27th day of July, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Brice Environmental Services Corporation v. Arcadis U.S., Inc.*    Case No. 3:21-cv-00141-JMK
Order Granting Consented-To Motion to Stay and Joint Stipulation    Page 6
Case 3:21-cv-00141-JMK    Document 44    Filed 07/27/22    Page 6 of 6